UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DONNA GIACOMARO,                                Civil Action No.:
on behalf of herself and others
similarly situated,

                Plaintiff,

    -against-                                    **COMPLAINT FOR VIOLATIONS**

                                        **OF THE TELEPHONE**
                                        **CONSUMER PROTECTION ACT**

UBER TECHNOLOGIES INC,

                                        **DEMAND FOR JURY TRIAL**

                Defendant(s).
------------------------------------------------------------X

        Plaintiff, DONNA GIACOMARO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant, UBER TECHNOLOGIES INC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

    2.     Defendants are subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA

Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff DONNA GIACOMARO is a resident of the State of NEW YORK, with an address in LEVITTOWN, NY 11756.

4. Defendant UBER TECHNOLOGIES INC is an American technology company that develops, markets and operates the Uber car transportation and food delivery mobile app and is headquartered in CALIFORNIA with a corporate address at 182 HOWARD STREET, SUITE 8, SAN FRANCISCO, CA 94105.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the TCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners

of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

10. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the TCPA, as codified by Title 47, Code §227.

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On or about June 5th, 2017 the Defendant began communicating with the Plaintiff by sending text messages to her cell phone number of 516-652-9933.

22. Defendant's telephone texts originated from number 440-540-5314.

23. The first text stated "Meet your Uber team in your area this week. Find out when we're coming to a town near you, visit t.uber.com/nysygl."

24. The Plaintiff received three more texts from the Defendant, each falling consecutively on a Monday.

25. The Plaintiff never signed anything regarding getting solicitations or information from the Defendant. Nor did the Plaintiff agree to receive texts to her phone from the Defendant.

26. The Plaintiff received texts on June 5th, 12th 19th and 26th 2017 from the Defendant without her permission.

27. The Defendant provides taxi-style transportation service to consumers throughout the nation by permitting consumers to submit trip requests through Defendant's smart phone based internet application or "app" to Uber drivers who then use their own cars to transport consumers to their requested destinations.

28. As an ordinary business practice, Defendant collects telephone numbers from consumers upon enrolling in Uber and informs such consumers that they can expect to receive text messages at the number provided.

29. These text messages come in the form of Short Message Services, or "SMS", a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

30. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

31. Because Defendant's income is dependent on the number of consumers registering as customers of Defendant, Defendant's customer enrollment process does not include procedures necessary to confirm the accuracy of the information Defendant receives from potential customers, including their phone numbers.

32. As a result, Defendant's customer account creation and administration processes lack steps sufficient to confirm that the telephone numbers Defendant receives, and then to which it sends texts, actually belong to the Uber applicants providing them.

33. Many of the telephone numbers in Defendant's possession are therefore inaccurate, resulting in the Defendant routinely sending unsolicited text messages to individuals like Plaintiff, who never provided consent to be called by the Defendant.

34. In addition to being an aggravating invasion of privacy, unsolicited SMS calls, and particularly wireless spam, invade privacy and can cost their recipients money because cell phone users like Plaintiff may frequently pay their respective wireless service providers either for each text message they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other

radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant caselaw, that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

37. Upon information and belief, Defendant called Plaintiff by means of a dialing system which can dial telephone numbers from a list of numbers selected from Defendant's database according to user defined criteria and when telephone numbers on such a list are dialed by the dialing system, a human being does not have to manually dial the number.

38. With texts to Plaintiff's telephone commencing on or about June 5th, 2017 and continuing to the present, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

39. Upon information and belief, Defendant has implemented a policy in business practice which trains, instructs and/or sanctions employees and agents exemplified by the representatives to make calls to individuals without first obtaining authorization to do so.

40. Defendant made unsolicited text calls to Plaintiff's cellular phone number and other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

41. These text message calls were made en masses without the prior express consent of the Plaintiff and the Class.

42. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

43. As a result of Defendant's illegal conduct, Plaintiff and the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

44. To the extent Defendant knew or should have known that the Class members did not provide prior express consent to be sent the wireless texts at issue, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## SECOND CAUSE OF ACTION
### (Violations of the New York State Penal Code)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. Under Title N, Article 240 of the New York State Penal Code, § 240.30 Aggravated harassment in the second degree, a person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:

   1. Either (a) communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner

likely to cause annoyance or alarm; or (b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or

    2.    Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication;

47. Defendants' persistent auto-dialed calls to Plaintiff are in violation of New York State Penal Code, § 240.30 Aggravated harassment in the second degree, a class A misdemeanor.

## DEMAND FOR TRIAL BY JURY

48. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 47 USC §227;

    B.    For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the statute;

    C.    A declaration that the Defendant's practices violated the TCPA;

    D.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    June 26, 2017

Respectfully submitted,

By: _____

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff*
DONNA GIACOMARO

Case 2:17-cv-03923   Document 1   Filed 06/30/17   Page 12 of 13 PageID #: 12

To:   UBER TECHNOLOGIES INC
      182 HOWARD STREET SUITE 8
      SAN FRANCISCO, CA 94105

   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Eastern District of New York
   *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK               CASE NO.:

DONNA GIACOMARO,

                              Plaintiff(s),

    -against-

UBER TECHNOLOGIES INC,

                              Defendant(s).

## CLASS ACTION COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone: (914)473-6783*